IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AARON GARZA, | § § § | |
| *Plaintiff,* | § § | SA-23-CV-01481-FB |
| vs. | § § § | |
| PANDA RESTAURANT GROUP INC., | § § | |
| *Defendant.* | § § | |

## ORDER

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil Complaint [#1] and Plaintiff's *pro se* Motion for Appointment of Counsel [#2]. The motions were automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motions, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs and requests the appointment of an attorney to represent him in this case. Having considered the motions and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, deny the motion to appoint counsel, and order Plaintiff to file a More Definite Statement to assist the Court in understanding the claims and causes of action at issue.

### I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant Plaintiff's Motion to Proceed IFP [#1].  Plaintiff is advised, however, that although he may proceed IFP in this case, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's proposed Complaint asserts claims of employment discrimination against his former employer under Title VII of the Civil Rights Act of 1964.  Plaintiff contends that he suffered discrimination and harassment from August 19, 2020, to January 30, 2021, when he was terminated.  Plaintiff also appears to be alleging retaliation based on a previous complaint of harassment.  Plaintiff alleges that he exhausted his administrative remedies prior to filing suit by filing a charge of discrimination with the Equal Employment Opportunity Commission and received a Right to Sue letter in August 2023.

---

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] 28 U.S.C. § 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP.  However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

Title VII prohibits discrimination "because of" a protected characteristic, namely race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Title VII does not make ordinary workplace tribulations actionable; rather, the alleged misconduct must have occurred because of a protected characteristic. *Reine v. Honeywell Int'l Inc.*, 362 Fed. App'x 395, 397–98 (5th Cir. 2010). Plaintiff's proposed Complaint does not contain any factual allegations regarding the nature of the alleged discrimination or harassment, such that the Court can evaluate whether he has pleaded a plausible claim under Title VII. Plaintiff selects the following protected categories in his form proposed Complaint: race, color, sex, religion, and national origin. Plaintiff indicates he is Hispanic, Brown in color, American, and an atheist. He further alleges he was called slurs, physically assaulted, and had his hours cut. Before ordering service of Plaintiff's Complaint on Defendant, the Court will order Plaintiff to file a More Definite Statement, as outlined below.

### III. Appointment of Counsel

Courts may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in IFP proceedings. Under § 1915(e)(1), the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Appointment of counsel in a civil case is considered a privilege, not a constitutional right. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted). The Court is only required to appoint counsel, such that the denial of counsel constitutes an abuse of discretion, where the case presents exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

In evaluating whether a case involves "exceptional circumstances," a court should consider the following factors: (1) the type and complexity of the case; (2) whether the plaintiff

is capable of adequately presenting her case; (3) whether the plaintiff is in a position to investigate adequately the case; (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination; and (5) whether the appointment of counsel would be a service to the plaintiff and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination. *Id.* at 213 (citations omitted).

Plaintiff has not demonstrated that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate under the applicable legal standards under 28 U.S.C. § 1915(e) at this stage of the proceedings. Although Plaintiff lacks the financial resources to retain private counsel, Plaintiff's pleadings indicate that his case is not particularly complex and his ability to articulate the basis of and present the facts pertinent to his claims. Accordingly, the Court will deny Plaintiff's request for counsel at this stage of the proceedings. This denial is without prejudice to Plaintiff renewing his request at a later stage of this lawsuit.

### IV. CONCLUSION

In summary, the Court will grant Plaintiff's Motion to Proceed IFP, deny Plaintiff's motion for counsel, and order Plaintiff to file a Motion for More Definite Statement.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefor, and the Clerk shall, until

further Order of this Court, waive the collection of any other fees or costs from Plaintiff.  <u>Service upon Defendant should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that on or before **January 5, 2023**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court.  Plaintiff is reminded to keep his statement **"short and plain,"** detailing only the facts relevant to his claims.  *See* Fed. R. Civ. P. 8(a)(2).  In this More Definite Statement, Plaintiff should respond to the following questions:

- Describe the specific slurs and assaults that you experienced.  Who targeted you with slurs?  Who assaulted you?  How frequently did this occur?

- Are you alleging that these slurs were due to your race, color, national origin, sex, or religion?  Why do you believe these slurs were due to one of these protected characteristics?

- Your proposed complaint references a prior complaint of discrimination to Human Resources about Hannah Bice.  Who is Hannah Bice? When did you make this Complaint?  What were the contents of your complaint about Bice? What retaliation did you allegedly suffer after making the Complaint? When did that retaliation occur?

Plaintiff shall include the following declaration at the end of his more definite statement:

---

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

                                          Executed on this ____ day of _____2023.

                                          _____
                                          Signature of Plaintiff

---

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 8th day of December, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE